George E. Benson
Weed, Graafstra & Benson, P.S., Inc.
21 Avenue A
Snohomish, WA 98290
(360) 568-3119

Judge: Philip H. Brandt

Chapter: 7
Location: Tacoma
Date: April 24, 2007
Time: 9:30 AM
Response Date: April 17, 2007

UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT TACOMA

In re:

KELLEY, KENYON K.

    Debtor.

_____

JAMES J. O'HAGAN, a single man,

    Plaintiff/Appellant,

v.

NORTHWEST FARM CREDIT SERVICES, FLCA, a corporation; MORGAN HILL PC; ROBERT M. HILL; PATRICK W. RAWNSLEY; SCOTT KILPATRICK; RUSSELL GARRETT; GREGORY URSICH; and AMERICAN EQUITIES, INC.,

    Defendants/Appellees.

Bankruptcy Case No. 00-35769

Adversary Case No. 04--4253 PHB

**Internal Appeal No. 07-T002**

DEFENDANT/APPELLEE NORTHWEST FARM CREDIT SERVICES, FLCA'S RESPONSE TO APPELLANT'S AFFIDAVIT AND MOTION FOR CHANGE OF JUDGE

Defendant/Appellee Northwest Farm Credit Services, FLCA ("FCS") submits this Response to Appellant's Affidavit and Motion for Change of Judge.

**DEFENDANT/APPELLEE FCS'S RESPONSE TO
APPELLANT'S AFFIDAVIT AND MOTION TO CHANGE JUDGE - 1**
KELLEY.REPSONSE0214912

LAW OFFICES OF
WEED, GRAAFSTRA AND
BENSON, INC., P.S.
21 AVENUE A
SNOHOMISH, WA 98290-2962
(360) 568-3119; FAX (360) 568-4437

1. **Appellant's Cites No Legal Basis for His Change of Judge Motion.**
Appellant states that he believes that Judge Brandt is prejudiced against him, and that he cannot have a fair and impartial trial before Judge Brandt. Appellant cites RCW 4.12.050 as the legal basis for his motion. However, Washington state law is not applicable in this case.[1]

2. **The Statute Applicable to Appellant's Motion is 28 U.S.C. section 455.**
Although Appellant cites no applicable law in his motion, it is found at 28 U.S.C. section 455, which states in part:

> (a) Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.
>
> (b) He shall also disqualify himself in the following circumstances:
>
> (1) Where he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding;

3. **Appellant Cites No Factual Basis for His Change of Judge Motion.**
Appellant has presented no facts whatsoever to support a motion for disqualification of Judge Brandt, rather his opinion that Judge Brandt is prejudiced against him. Appellee is not aware of any prejudice on the part of Judge Brandt.

4. **Jurisdiction.** This Court has jurisdiction to hear this matter. Fed. R. Bankr. P. 5004(a) states:

> A bankruptcy judge shall be governed by 28 U.S.C. section 455, and disqualified from presiding over the proceeding or contested matter in which the disqualifying circumstances arises, or, if appropriate, shall be disqualified from presiding over the case.

---

[1] It should be noted that Appellant would not be entitled to an affidavit of prejudice under RCW 4.12.050 due to the fact Appellant did not file such motion and affidavit and call it to the attention of the judge "...before he shall have made any ruling whatsoever in the case..."

DEFENDANT/APPELLEE FCS'S RESPONSE TO
APPELLANT'S AFFIDAVIT AND MOTION TO CHANGE JUDGE - 2
KELLEY.REPSONSE0214912

LAW OFFICES OF
WEED, GRAAFSTRA AND
BENSON, INC., P.S.
21 AVENUE A
SNOHOMISH, WA 98290-2962
(360) 568-3119; FAX (360) 568-4437

Without a procedure for reference of the matter to another judge, motions to disqualify are heard by the judge sitting in the case. In re Bernard, 31 F. 3d 842, 843 (9th Cir. 1994); In re Healy, 2006 WL 3751617 (Bankr. E. D. Cal. 2006).

5. **Presumption of Judicial Impartiality.** Judicial impartiality is presumed. In In re Spirtos, 298 B.R. 425 (Bankr. C.D. Cal., 2003), the Court stated:

> A judge is presumed to be qualified to hear a matter and the burden is upon the moving party to prove otherwise. [Citations omitted.] Stated otherwise, a party seeking recusal has the burden of producing facts which would raise reasonable doubt as to the impartiality of the judge. [Citation omitted.]

298 B. R. at pages 430-431.

(See also First Interstate Bank of Arizona v. Muphy, Weir & Butler, 210 F.3d 983 (9th Cir. 2000); and In re Healy, supra, at page 4 "...judge's adverse rulings in the course of a judicial proceeding almost never constitute a valid basis for disqualification based on bias or partiality." 12 James Wm. Moore, Moore's Fed. Practice sec. 63.21[4], at 63-39 (3d. ed. 2006)(citing cases)...")

6. **Standards for Disqualification of a Judge.** The standards for disqualification are discussed at length in Spirtos, supra:

> Judicial impartiality is the hallmark of the American system of justice. Accordingly, a request for disqualification of a judge on the basis of impartiality or bias is a serious matter that is not to be considered lightly.

298 B.R. at page 430.

> The standard for disqualification of a judge under section 455(a) is an objective one, i.e., whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. [Citations omitted.] Notable, the critical inquiry is not the actual existence of bias or prejudice, but its appearance to a reasonable, well informed person.

Spirtos, supra, 298 B.R. at page 431.

DEFENDANT/APPELLEE FCS'S RESPONSE TO
APPELLANT'S AFFIDAVIT AND MOTION TO CHANGE JUDGE - 3
KELLEY.REPSONSE0214912

LAW OFFICES OF
WEED, GRAAFSTRA AND
BENSON, INC., P.S.
21 AVENUE A
SNOHOMISH, WA 98290-2962
(360) 568-3119; FAX (360) 568-4437

Furthermore, the Court in Spirtos noted that:

> An unsubstantiated assertion of impartiality or bias is insufficient to warrant recusal under section 455. *United States v. Hines*, 696 F. 2d 722, 729 (10th Cir. 1982).

298 B. R. at page 433.

Other Courts have noted:

> ..."Judges have an obligation to litigants and their colleagues not to remove themselves needlessly...because a change of umpire in mid-contest may require a great deal of work to be redone... and facilitate judge-shopping." *In Re Betts*, 143 B.R. 1016, 1020 (Bankr. N.D. Ill. 1992), quoting *In Re National Union fire Ins. Co.*, 839 F. 2d 1226, 1229 (7th Cir. 1988) (omitting citation); *see also In re Computer Dynamics, Inc.*, 253 B.R. 693, 698 (E.D. Va. 2000) (judge equally obligated not to remove himself when there is no necessity and to do so when there is), aff'd 10 F. App'x 141 (4th Cir. 2001).

In re Healy, supra, at page 3.

7. **Appellant's Motion for Change of Judge is Also Not Timely.** In In re Healy, supra, the Court discussed the need for timeliness:

> Finally, in the Ninth Circuit, recusal issues must be raised "at the earliest possible time" after facts supporting a recusal request are discovered. *First Interstate*, 210 F. 3d at 988 n. 8 (citations omitted); *see also Spirtos*, 298 B.R. at 434 (discussing Ninth Circuit cases requiring prompt filing of recusal motion to prevent wasted resources and judge-shopping)....

In re Healy, supra, at page 3.

In this adversary proceeding, numerous motions, including motions for summary judgment were heard by the Court. Summary judgments were granted and the case was dismissed more than 15 months ago. Appellant's original appeal was dismissed as untimely more than a year ago. Appellant's motion for change of Judge is also untimely.

DEFENDANT/APPELLEE FCS'S RESPONSE TO
APPELLANT'S AFFIDAVIT AND MOTION TO CHANGE JUDGE - 4
KELLEY.REPSONSE0214912

LAW OFFICES OF
WEED, GRAAFSTRA AND
BENSON, INC., P.S.
21 AVENUE A
SNOHOMISH, WA 98290-2962
(360) 568-3119; FAX (360) 568-4437

**Conclusion:** The fact that Appellant does not like the outcome of the original case, nor the ruling on his CR 60(b) motion, does not support his motion to disqualify Judge Brandt, and his motion should be denied.

Respectfully Submitted this 13th day of April, 2007.

_____
George E. Benson, WSBA #8352
Weed, Graafstra and Benson, Inc., P.S.
Attorneys for Defendant/Appellee Northwest
Farm Credit Services, FLCA

DEFENDANT/APPELLEE FCS'S RESPONSE TO
APPELLANT'S AFFIDAVIT AND MOTION TO CHANGE JUDGE - 5
KELLEY.REPSONSE0214912

LAW OFFICES OF
WEED, GRAAFSTRA AND
BENSON, INC., P.S.
21 AVENUE A
SNOHOMISH, WA 98290-2962
(360) 568-3119; FAX (360) 568-4437